Abran E. Vigil, Esq.
Nevada Bar. No. 7548
Maria A. Gall, Esq.
Nevada Bar No. 14200
Lindsay C. Demaree, Esq.
Nevada Bar No. 11949
Kyle A. Ewing, Esq.
Nevada Bar. No. 14051
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
vigila@ballardspahr.com
gallm@ballardspahr.com
demareel@ballardspahr.com
ewingk@ballardspahr.com

*Attorneys for JPMorgan Chase Bank, N.A.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., a national banking association,<br><br>Plaintiff,<br><br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; THE WILLOWS HOMEOWNERS' ASSOCIATION, a Nevada non-profit corporation; DANIEL A. RICHARD, an individual,<br><br>Defendants. | Case No. 2:17-CV-00324-GMN-PAL<br><br>**STIPULATION AND ORDER TO EXTEND SCHEDULING ORDER DEADLINES BY 30 DAYS**<br><br>(First Request) |

DMWEST #17234242 v1

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106
(702) 471-7000 FAX (702) 471-7070

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company, | |
| Counterclaimant/Cross-Claimant, | |
| vs. | |
| JPMORGAN CHASE BANK, N.A.; DANIEL A. RICHARD, an individual, | |
| Counter-Defendant/Cross-Defendants. | |

Pursuant to LR IA 6-1 and LR 26-4, Plaintiff/Counter-Defendant JPMorgan Chase Bank, N.A. ("Chase"), Defendant/Counterclaimant/Cross-Claimant SFR Investments Pool 1, LLC ("SFR"), and The Willows Homeowners Association ("Willows"), by and through their respective counsel of record, stipulate and request that this Court extend discovery and dispositive motion deadlines in the above-captioned case for 30 days, to permit the parties to efficiently complete party depositions and outstanding written discovery. The parties have conferred and agree that this brief extension is the most reasonable, most economical, and least burdensome way to complete discovery in this case.

This is the parties' first request for an extension to the scheduling order deadlines, which were submitted in compliance with LR 26-1. The parties make this request in good faith and not for purposes of delay.

I. <u>Discovery Completed to Date</u>

To date, Chase has served the following discovery: initial disclosures; initial expert disclosure; requests for production to SFR; interrogatories to SFR; notice of Rule 30(b)(6) deposition of SFR; requests for production to Willows; interrogatories to Willows; notice of Rule 30(b)(6) deposition of Willows; subpoena to produce documents on non-party Absolute Collection Services, LLC; and subpoena to testify at a deposition on non-party Absolute Collection Services, LLC.

To date, SFR has served the following discovery: initial disclosures; requests for production to Chase; interrogatories to Chase; requests for admission to Chase;

and notice of Rule 30(b)(6) deposition of Chase.

To date Willows has served the following discovery: requests for production to Chase; interrogatories to Chase; and requests for admission to Chase.

B. <u>Specific Description of Discovery that Remains to be Completed</u>

The parties are awaiting responses to the served discovery requests. In addition, they are working to schedule party and non-party depositions. Chase has scheduled the deposition of SFR for December 4, 2017, of Willows for December 4, 2017, and of Absolute Collection Services, LLC for November 22, 2017. SFR has also noticed a Rule 30(b)(6) of Chase. As discussed below, however, the parties seek to schedule Chase's deposition to occur after the current discovery cutoff of December 4, 2017.[1]

C. <u>Good Cause Exists for the Requested Extension</u>

Good cause exists for the requested extension, as it will provide time for the parties to complete written discovery and schedule depositions in a way that minimizes burden and increases efficiency. SFR has served voluminous written discovery requests on Chase. While Chase requires additional time to respond to SFR's discovery, Chase's current response deadline December 4, 2017—*i.e.*, the last day of the discovery period. SFR is willing to provide Chase with a two-week extension for its responses, but it cannot do so unless discovery is extended.

Additionally, SFR has noticed Chase's deposition for November 29, 2017, but Chase's Rule 30(b)(6) designee is unavailable on this date because the designee will be testifying in five other depositions in similar lawsuits involving Chase and SFR, on not only November 29 but also on November 28 and 30. The parties have met and conferred about rescheduling the deposition in this lawsuit to take place during December 12-14, 2017, when the Chase designee will be available and in Las Vegas.

---

[1] The parties further reserve their rights to meet and confer and, if necessary, engage in motion practice regarding any discovery issues that may arise.

3

This approach will significantly minimize the cost and burden to the witness. Moreover, scheduling the Chase deposition during this time period will also allow SFR to obtain Chase's written discovery responses before deposing Chase, a logical process that will enable SFR to conduct an efficient, productive, and targeted deposition. SFR anticipates that it will be able to significantly limit the scope of the deposition based on the responses to its written discovery.

Finally, this is the parties' first request to extend the standard, 180-day discovery period in this case, and they seek only a brief 30-day extension. The parties have diligently engaged in discovery to date and seek this extension in good faith.

D. <u>Proposed Discovery Deadlines</u>

The parties request an order extending the close of discovery, the deadline to file dispositive motions, and the deadline to file a pre-trial order by 30 days.

| Event | Current Deadline[2] | New Deadline |
|---|---|---|
| Close of Discovery | December 4, 2017 | January 4, 2018 |
| Dispositive Motions | January 3, 2018 | February 5, 2018 |
| Pre-Trial Order | February 2, 2018 | March 2, 2018 |

*[continued on next page]*

---

[2] *See* Scheduling Order, ECF No. 30.

DMWEST #17234242 v1

This extension is reasonable and necessary given the good cause set forth above.

**IT IS SO STIPULATED.**

Dated: November 13, 2017

| | |
|---|---|
| BALLARD SPAHR LLP | KIM GILBERT EBRON |
| By: /s/ Maria A. Gall | By: /s/ Diana S. Ebron |
| Abran E. Vigil, Esq.<br>Nevada Bar. No. 7548<br>Maria A. Gall, Esq.<br>Nevada Bar No. 14200<br>Lindsay C. Demaree, Esq.<br>Nevada Bar No. 11949<br>Kyle A. Ewing, Esq.<br>Nevada Bar. No. 14051<br>100 North City Parkway, Suite 1750<br>Las Vegas, Nevada 89106 | Diana S. Ebron, Esq.<br>Nevada Bar No. 10580<br>Jacqueline A. Gilbert, Esq.<br>Nevada Bar No. 10593<br>Karen L. Hanks, Esq.<br>Nevada Bar No. 9578<br>7625 Dean Martin Dr., Suite 110<br>Las Vegas, Nevada 89139 |
| *Attorneys for Plaintiff/Counter-Defendant JPMorgan Chase Bank, N.A.* | *Attorneys for Defendant/Counter-Claimant/Cross-Claimant SFR Investments Pool 1, LLC* |

LEACH JOHNSON SONG & GRUCHOW

By: /s/ T. Chase Pittsenbarger
 Sean L. Anderson, Esq.
 Nevada Bar No. 7259
 T. Chase Pittsenbarger, Esq.
 Nevada Bar. No. 13740
 8945 W. Russell Road, Suite 330
 Las Vegas, Nevada 89148

*Attorneys for Defendant The Willows' Homeowners Association*

## ORDER

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: November 28, 2017

5