UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC, et al.,<br><br>Defendants. | Case No. 2:17-cv-00324-GMN-BNW<br><br>**REPORT AND RECOMMENDATION** |

Presently before this Court is Cross-Claimant SFR Investment Pool 1, LLC.'s (SFR) Motion for Entry of Default Judgment against Defendant Daniel Richard. (ECF No. 67.) No opposition has been filed.

**I.    BACKGROUND**

In November 2007, Defendant Richard obtained title to real property located at 701 Taliput Palm Place, Henderson, Nevada (Assessor Parcel Number 178-03-612-027) ("Property"). (ECF No. 67 at 2.) The property became subject to a lien which remained unsatisfied. (*Id*.) The lienholder sold the property to SFR at a foreclosure sale. (*Id*.)

On February 2, 2017, Plaintiff JPMorgan Chase filed a complaint against Defendants SFR, Richard, and others. (ECF No. 1.) Plaintiff sought, in relevant part, a quiet title action concerning the property. (*Id*.) Defendant Richard was served on May 3, 2017. (ECF No. 11.) Defendant did not answer.

On July 3, 2017, Defendant SFR answered, asserted counterclaims against Plaintiff and crossclaims against Defendant Richard, and sought to quiet title in this same property. (ECF No. 25.) SFR also filed a Notice of Lis Pendens. (ECF No. 36.) Defendant Richard was served with the Answer, Crossclaim and Notice of Lis Pendens on August 8, 2017. (ECF No. 39.) Defendant Richard failed to answer.

On October 15, 2018, Plaintiff/Counter-Defendant JPMorgan Chase and Defendant/Counterclaimant/Cross-Claimant SFR filed a stipulation explaining they had settled the case and requested the claims be dismissed with prejudice. (ECF No. 61.) The stipulation clarified that the requests did not affect SFR's crossclaim against Defendant Richard. (*Id*.) United States District Judge Gloria Navarro granted the stipulation the following day. (ECF No. 62.)

On May 9, 2019, Cross-Claimant SFR filed a Motion for Entry of Default against Cross-Defendant Richard. (ECF No. 65.) On May 9, 2019, the Clerk of Court entered default. (ECF No. 66.)

On July 25, 2019, Cross-Claimant SFR filed a Motion for Default Judgment against Cross-Defendant Richard. (ECF No. 67.)

This motion is the result of Defendant Richard's failure to answer or defend against SFR's crossclaim seeking to quiet title. SFR seeks a declaration that Defendant Richard, his successors, and assigns have no right, title, or interest in the property. This Motion was referred to the undersigned on October 2, 2019.

**II.   ANALSYIS**

Under Federal Rule of Civil Procedure 55(b)(2), the Court may enter default judgment if the Clerk previously has entered default based on the defendants' failure to defend. After entry of default, the factual allegations in the complaint are taken as true. *Geddes v. United Fin. Grp*., 559 F.2d 557, 560 (9th Cir. 1977). Whether to grant a default judgment lies within the Court's discretion. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). In deciding whether to enter a default judgment, the Court considers factors such as:

> the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the

action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id*. at 1471-72.  A default judgment generally is disfavored because "[c]ases should be decided upon their merits whenever reasonably possible."  *Id*. at 1472.

Default judgment is appropriate under the circumstances in this case. The foreclosure sale in this case took place several years ago, on May 15, 2013. (ECF No. 67-6.) In addition, litigation regarding this property has been on-going for almost three years. Defendant Richard never participated in this case despite being personally served with the Complaint, where he was named as a Defendant, and the Crossclaim, where he was named a Cross-Defendant. (ECF Nos. 11, 39.) Given Defendant Richard's failure to participate in this case, SFR would be prejudiced by having to expend additional resources litigating an action that appears to be uncontested.

As to the remaining factors, the Crossclaim sufficiently sets forth SFR's claims under the liberal pleading standard in Rule 8 of the Federal Rules of Civil Procedure.  As stated previously, JPMorgan Chase and SFR reached a settlement agreement. SFR does not seek monetary relief. Given Defendant Richard's failure to participate in this case, a dispute over any material facts is unlikely. Further, nothing suggests that the entry of default in this case is due to excusable neglect. Despite being personally served with process regarding to the litigation at issue, twice, Richard has not responded.  Given his failure to participate in this case, a decision on the merits is "impractical, if not impossible." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002.)  Entry of a default judgment therefore is appropriate.

**III.    RECOMMENDATION**

IT IS THEREFORE RECOMMENDED that Cross-Claimant SFR's Motion for Entry of Default Judgment (ECF No. 67) be GRANTED.

**IV.    NOTICE**

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen days of being served with this Report and Recommendation.  Local Rule IB 3-2(a).  Failure to file

1 | a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: January 6, 2020.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE